IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**                              **CASE NO. 5:13-CV-05169**

**CHURCH OF NORTHWEST ARKANSAS,**
**TODD R. SIMPSON, MELISSA L. SIMPSON,**
**RICHLYNN ENTERPRISES, LLC, and FIRST**
**STATE BANK OF NORTHWEST ARKANSAS**                                                  **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court is Plaintiff United States of America's Motion for Default Judgments against Todd R. Simpson, Melissa L. Simpson, Richlynn Enterprises, LLC, and First State Bank of Northwest Arkansas, and for Summary Judgment Against The Church of Northwest Arkansas (Doc. 35), filed on August 29, 2014.  There has been no response to this Motion, and the time for doing so has passed.  Also before the Court is the United States's Motion to Continue Trial (Doc. 38).  Having considered this matter, the United States's Motion for Default Judgments and Summary Judgment (Doc. 35) is **GRANTED**, and therefore the United States's Motion to Continue Trial (Doc. 38) is **MOOT**.

### I. BACKGROUND

The United States brings this action to reduce to judgment federal tax assessments of $1,514,575.35 against Todd R. Simpson, and to foreclose federal tax liens against approximately five acres of real property located in Washington County, Arkansas ("subject property"),[1] declaring that Todd R. Simpson,  Melissa L. Simpson, Richlynn Enterprises,

---

[1]Exhibit A is attached, providing a legal description of the subject property.

LLC ("Richlynn"), and First State Bank of Northwest Arkansas ("First Bank") do not have a claim or interest in the subject property that is superior to that of the United States. The United States also moves for summary judgment against The Church of Northwest Arkansas ("The Church"), contending that The Church does not have a superior claim in regard to the subject property. On September 23, 2013, The Church entered into a consent judgment with the United States in Case No. 5:12-CV-05236, in which The Church waived all defenses to the United States's valid federal tax lien. (Doc. 37-2).

The record reflects that all Defendants were personally served. *See* Docs. 11, 13, 14, 15, and 28. All Defendants' answers were due 21 days after the date of service. Fed. R. Civ. P. 12(a)(1)(A). However, Defendants, with the exception of The Church, failed to answer or otherwise respond to either the United States's Complaint or subsequent First Amended Complaint ("Complaint") and defend themselves in this lawsuit. On December 11, 2013 and June 11, 2014, the United States filed motions for a Clerk's default against Defendants. The Clerk entered a default as to Mr. Simpson, Ms. Simpson, Richlynn, and First State, *see* Docs. 19 and 33, after which the United States filed its Motion for Default Judgments against Defendants now before the Court.

No Defendant has filed a response to the pending Motion or asserted a claim on the subject property.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

2

failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

**(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

**(2) By the Court**. In all other cases, the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals —preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;

**(B)** determine the amount of damages;

**(C)** establish the truth of any allegation by evidence; or

**(D)** investigate any other matter.

Fed. R. Civ. P. 55.

Rule 55 contemplates a two-step process for the entry of default judgments. *United States v. Williamson.*, 2013 WL 7864735, at *1 (E.D. Ark. Feb. 21, 2013) (citing *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F.Supp.2d 946, 950–951 (N.D. Iowa 2011) (citation and internal quotation marks omitted)). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id*. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id*.

## III. DISCUSSION

### A. Request for Default Judgments Against Todd Simpson for Unpaid Federal Income Taxes, and to Enforce the United States's Lien on the Subject Property as to all Defendants

The United States requests that a default judgment be entered against Mr. Simpson in the amount of $1,514,576.35 for unpaid taxes, fraud penalties, and interest, and for a default judgment declaring that Mr. Simpson, Ms. Simpson, Richlynn, and First State do not hold an interest in the subject property. In this case, the Clerk of the Court has entered a default against Defendants pursuant to Rule 55(a), completing the first in the two-step process toward default judgment. Thus, the questions presented by the present Motion are whether the Court should now take the second step and enter default judgments pursuant to Rule 55(b)(1) and (2).

By virtue of the default, Defendants are deemed to have admitted the truth of the well-pleaded allegations within the Complaint. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal quotation and citation omitted). "Tax assessments made by the IRS are presumed correct and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous." *N.D. State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001). The United States has submitted certified IRS Forms 4340 in support of its tax assessments. *See* Doc. 37-1. However, Mr. Simpson has not answered or responded to the suit in order to dispute the validity of the tax assessments against him for unpaid federal income tax, fraud penalties, and interest for 1999, 2000, 2001, and 2006.

Further, Courts have entered default judgments that include civil fraud penalties. *See Smith v. C.I.R.*, 926 F.2d 1470 (6th Cir. 1991) (finding that the tax court properly entered default judgment granting fraud penalties based exclusively on allegations in the Commissioner of Internal Revenue's answer to the petitioner's request for a redetermination of his tax deficiency). The Complaint alleges that Mr. Simpson created sham pass-through entities and assigned his personal income and expenses to these entities, vastly understated pass-through income from his wholly-owned S corporation, did not report income from the sale of stock, failed to document substantial charitable contributions and farm expenses, and ceased cooperating with the IRS in the middle of its investigation. Tax fraud is established when a taxpayer engages in intentional wrongdoing and has the "specific purpose to evade taxes the taxpayer knows or believes to be owing." *McGraw v. C.I.R.*, 384 F.3d 965, 970 (8th Cir. 2004) (citing *Day v. Comm'r*, 975 F.2d 534, 538 (8th Cir. 1992)). Circumstances that justify civil tax fraud penalties include the sizeable underreporting of income, concealment of assets or covering up sources of income, and inadequate record keeping. *Id.* at 971. (internal citations omitted). The Ninth Circuit also recognized failing to cooperate with tax authorities and using cash to avoid scrutiny of finances as additional "badges of fraud." *Id.* (citing *Bradford v. Comm'r,* 796 F.2d 303, 307-08 (9th Cir. 1986)).

In addition, Mr. Simpson fails to dispute that federal tax liens attach to the subject property, that foreclosure is appropriate to satisfy his tax obligations, and that foreclosure will not affect the interests of any third parties. *See In re Nerland Oil, Inc*., 303 F.3d 911, 916 (8th Cir. 2002) (under 26 U.S.C. §§ 6321, 6322, a federal lien in favor of United States attaches at assessment of unpaid taxes upon all property and rights to property, whether

real or personal, of delinquent taxpayer); *United States v. Bierbrauer*, 936 F.2d 373, 374 (8th Cir. 1991) (26 U.S.C. § 7403 authorizes a federal district court to order a sale of property in which a delinquent taxpayer has an interest in order to satisfy the taxpayer's debt; a district court may do so even though an innocent third party has an interest in the property, so long as the third party receives compensation).

Under 26 U.S.C. § 7403(b), the United States is required to name "all persons having liens upon or claiming any interest" in the subject property in a tax lien enforcement suit. Because it was possible that third parties may have a claim or interest in the subject property, the United States named Ms. Simpson, Richlynn, and First State as Defendants in the suit. However, none of these Defendants has asserted a claim as to the subject property.

Here, the grounds for default are clearly established. Based on the admitted allegations in the Complaint, the Court finds that federal tax liens arose in favor of the United States as a result of unpaid federal income tax liabilities against Mr. Simpson for the tax years of 1999, 2000, 2001, and 2006; and the lien is therefore enforceable against all Defendants.

Accordingly, the Court grants the United States's Motion for default judgment against Mr. Simpson in the amount of $1,514,576.35,[2] which includes fraud penalties, as

---

[2] On June 3, 2011, Mr. Simpson was sentenced and ordered to pay $822,321.23 in restitution to the Internal Revenue Service ("IRS") in Case No: 5:09-CR-50093 for tax evasion for several of the tax years also at issue in this case. Where a tax evader is required to pay restitution for tax loss, the United States may also seek to collect unpaid taxes, penalties, and interest in a civil proceeding. *See Morse v. Comm'r of Internal Revenue Serv.*, 419 F.3d 829, 834 (2005) (citing *United States v. Helmsley*, 941 F.2d 71, 102 (2d Cir. 1991). To the extent that the default judgment here encompasses the restitution amount Mr. Simpson already paid to the IRS, it must be subtracted from the

well as statutory interest accruing through August 26, 2014, and orders that the federal tax liens on the subject property be foreclosed.

### B. Summary Judgment as to The Church of Northwest Arkansas

The Church, through its Stipulation and Consent Judgment (Doc. 37-2), filed on September 23, 2014, concedes that the United States holds a superior lien on the subject property, and waives all defenses to the enforcement of that lien.

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1998).

Here, there is no opposition to the Motion for Summary Judgment. Because the parties are in agreement regarding the United States's lien, no genuine dispute of material fact remains as to whether the United States holds a superior claim as to the subject property. Therefore, it is appropriate to grant summary judgment in favor of the United States.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff United States of America's Motion for Default Judgments against Todd R. Simpson, Melissa L. Simpson, Richlynn Enterprises,

---

amount Mr. Simpson owes.

LLC, and First State Bank of Northwest Arkansas, and for Summary Judgment Against The Church of Northwest Arkansas (Doc. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that the subject property be sold to satisfy or partially satisfy Mr. Simpson's tax liabilities.

**IT IS FURTHER ORDERED** that the United States's Motion to Continue Trial (Doc. 38) is **MOOT**.

**IT IS SO ORDERED** this 21st day of October, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

EXHIBIT A

Legal Description:

A part of the North Half of the Northwest Quarter of the Northwest Quarter of Section 16, Township 17 North, Range 30 West, being more particularly described as follows: Commencing at the Northwest Corner of the Northwest Quarter of the Northwest Quarter of said Section 16, said point being an existing State of Arkansas aluminum survey monument in the intersection of 56th Street and Dearing Lane, thence South 88 degrees 38 minutes 50 seconds East 991.15 feet along the North line of said 20 acre tract to the true point of beginning, said point being in Dearing Lane and from which a ½ inch reference iron set on the apparent South right of way line of said Lane bears South 01 degree 14 minutes 44 seconds West 25.29 feet, thence South 88 degrees 38 minutes 50 seconds East 330.44 feet to an existing cotton spindle at the Northeast corner of the Northwest Quarter of the Northwest Quarter of said Section 16, said point being in Dearing Lane, thence South 01 degree 14 minutes 44 seconds West 658.34 feet to an existing iron at the Southeast Corner of the North Half of the Northwest Quarter of the Northwest Quarter of said Section 16; thence North 88 degrees 43 minutes 02 seconds West 330.44 feet along the South line of said 20 acre tract to a set ½ inch iron rebar; thence North 01 degree 14 minutes 44 seconds East 658.74 feet to the point of beginning, containing 5.00 acres, more or less, Washington County, Arkansas. The above described 5.00 acre tract being subject to the entire right of way of Dearing Lane along the entire North boundary and any other easements and/or right of ways whether or not of record.

Exhibit
A